UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DWAYNE BECKER and
EVA WU WEN BECKER,

Plaintiffs,

v.

RICK HARRY, ANITA SCHLANK,
JOANNE FAIRFIELD, DEBBIE JAMES,
RICHARD O'CONNOR, and
DAVID DIPMAN,

Defendants.

Civil 01-706 (JMR/JGL)

**ORDER**

Plaintiffs have filed a complaint alleging that Defendants have violated their federally protected civil rights. Plaintiffs did not pay the $150 filing fee prescribed by 28 U.S.C. § 1914(a) when they submitted their complaint to the Clerk of Court. However, the Clerk apparently accepted Plaintiffs' complaint, and filed it, based on an application for leave to proceed in forma pauperis, ("IFP"), submitted by one of the named Plaintiffs, Dwayne Becker. The matter is presently before the Court pursuant to that IFP application.

Although Plaintiff Dwayne Becker appears to be financially eligible for IFP status, the Court finds no reason to excuse his co-Plaintiff, Eva Wu Wen Becker, from paying the filing fee for this action. She has not tendered the filing fee, nor has she applied for IFP status herself.

The Court further notes that neither one of the co-Plaintiffs has signed the

MAY 2 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

complaint, as clearly required by Fed. R. Civ. P. 11(a).[1]

This action will not be allowed to proceed until the defects noted herein have been corrected. To correct the first defect, Plaintiffs will have to pay the full $150 filing fee for this action. In the alternative, co-Plaintiff Eva Wu Wen Becker may submit her own IFP application, which, of course, must amply demonstrate that she is indigent and cannot afford to pay the filing fee for this action. To correct the second defect, Plaintiffs will have to file an AMENDED COMPLAINT -- in other words, an entirely new pleading -- signed by all named Plaintiffs.[2]

Plaintiffs will be given twenty (20) days to complete both of the corrective actions prescribed herein. If they fail to do so, the Court will recommend that this action be summarily dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

---

[1] Plaintiffs are reminded that one co-Plaintiff cannot sign the complaint on behalf of the other, unless the complaint is accompanied by a properly executed power of attorney (or other suitable documentation), which clearly demonstrates that the signing co-Plaintiff is legally authorized to act on behalf of the non-signing co-Plaintiff.

[2] Plaintiffs are also reminded that if co-Plaintiff Eva Wu Wen Becker files an IFP application, (rather than paying the $150 filing fee), their Amended Complaint will be subject to sua sponte review pursuant to 28 U.S.C. § 1915(e)(2). To the extent that the Amended Complaint fails to state a claim upon which relief can be granted, it may be dismissed. A quick perusal of Plaintiffs' current pleading leaves the Court with serious doubts about the viability of the claims that Plaintiffs are attempting to bring against several of the Defendants. In particular, the Court can find no factual allegations that would support any actionable claims against Defendants Rich O'Connor, Debbie James, David Dipman, Anita Schlank, or Rick Harry. Plaintiffs' Amended Complaint should describe the facts upon which Plaintiffs' claims against those Defendants are based, or else exclude them as Defendants.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date of this order, Plaintiffs shall (i) pay the full $150 filing fee for this action, or file an IFP application that has been properly completed and signed by co-Plaintiff Eva Wu Wen Becker, and (ii) file an Amended Complaint signed by all named Plaintiffs; and if they do not comply with both of these directives in a timely manner, it will be recommended that the action be summarily dismissed without prejudice.

Dated: May 2, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge