UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DWAYNE BECKER and
EVA WU WEN BECKER,

Plaintiffs,

v.

RICK HARRY, ANITA SCHLANK,
JOANNE FAIRFIELD, DEBBIE JAMES,
RICHARD O'CONNOR and
DAVID DIPMAN,

Defendants.

Civil File No. 01-706 (JMR/JGL)

ORDER

Plaintiff Dwayne Becker is an inmate at the Psychopathic Personality Center, in Moose Lake, Minnesota.[1] He is married to co-Plaintiff Eva Wu Wen Becker. Plaintiffs commenced this action on April 23, 2001, by filing a complaint seeking relief for alleged violations of their federal constitutional rights. (Docket No. 1.) Plaintiffs did not pay the $150 filing fee for this action, (as required by 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP").

Plaintiffs' initial IFP request was denied, because co-Plaintiff Eva Wu Wen Becker had not filed her own separate application for IFP status. By Order dated May 2, 2001,

[1] Dwayne Becker represents that he has been "civilly committed," which presumably means that his confinement is not directly related to any criminal conviction or any pending criminal charges. Based on that representation, the Court finds that Plaintiff is not a "prisoner" as that term is defined at 28 U.S.C. §§ 1915(h) and 1915A(c). This means that the filing fee requirements of 28 U.S.C. § 1915(b), and the screening procedures of 28 U.S.C. § 1915A(a), are not applicable here. Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001).

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(Docket No. 6), the Court directed Plaintiffs to either pay the $150 filing fee, or else submit a new IFP application that was properly completed and signed by Eva Wu Wen Becker. That Order also directed Plaintiffs to file an Amended Complaint, because their original pleading was not signed by Eva Wu Wen Becker.

On May 21, 2001, Plaintiffs filed two new IFP applications, (one for each of them), as well as an Amended Complaint. (Docket Nos. 7, 8 and 12.) Thus, the matter is once again before the Court for the purpose of determining whether Plaintiffs should be allowed to proceed IFP in this matter. Also before the Court at this time is Plaintiff Dwayne Becker's request for appointment of counsel. (Docket Nos. 2 and 9.)

1. The IFP Application

Based on the information furnished in their respective IFP applications, the Court finds that Plaintiffs are eligible to proceed IFP in this matter. Their request for IFP status will therefore be granted.

Because IFP status is being granted, Plaintiffs are entitled to have Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiffs have not submitted an adequately supported request for such service. To cure this deficiency, Plaintiffs must submit one properly completed Form USM-285, together with an extra copy of the Amended Complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If they do not not satisfy this requirement by June 15, 2001, they will be deemed to have

abandoned their action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiffs do satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiffs have submitted a properly completed Marshal service form (USM-285), and an extra copy of the Amended Complaint. The Clerk of Court will be directed to send Plaintiffs six blank USM-285 forms, (one for each named Defendant), with their copy of this order.

2. Motion For Appointment Of Counsel

Also before the Court at this time are Plaintiff Dwayne Becker's two motions for appointment of counsel. (Docket Nos. 2 and 9.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors a court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiffs have the threshold ability to articulate their claims and to argue their positions. Although Plaintiff Dwayne Becker represents that his present confinement status will make it difficult for him to litigate, his submissions in this matter demonstrate that he is able to communicate effectively with "the outside world." Moreover, the Court is satisfied that appointment of counsel would not substantially benefit the Court or Plaintiffs. Accordingly, the two pending requests for counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' applications to proceed in forma pauperis, (Docket Nos. 7 and 8), are GRANTED;

2. The Clerk of Court shall send six blank USM-285 marshal service forms to Plaintiffs with their copy of this order;

3. On or before June 15, 2001, Plaintiffs shall submit one properly completed Form USM-285 and one extra copy of the Amended Complaint for each Defendant to be served, failing which it will be recommended that this case be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiffs comply with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiffs have submitted a properly completed Marshal service form and an extra copy of the Amended Complaint;

5. Plaintiff Dwayne Becker's motions for appointment of counsel, (Docket Nos. 2 and 9), are DENIED.

Dated: May 29, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge