**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DWAYNE BECKER and EVA WU WEN BECKER**

Plaintiffs,

v.

**RICK HARRY, ANITA SCHLANK, JOANNE FAIRFIELD, DEBBIE JAMES, RICHARD O'CONNOR, and DAVID DIPMAN,**

Defendants.

---

Civil No. 01-706 (JMR/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Plaintiff Dwayne Becker, pro se.

Cynthia B. Jahnke, Esq., on behalf of Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff Dwayne Becker's Motion for Default Judgment Against Defendants Rick Harry, Anita Schlank, Joanne Fairfield, Debbie James, Richard O'Connor, and David Dipman (Doc. No. 17). This matter has been referred to the undersigned Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

SEP 04 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff Becker moves for default judgment pursuant to Federal Rule of Civil Procedure 55 based on Defendants' alleged failure to timely answer the complaint. Defendants were served with Plaintiff's amended complaint on July 2, 2001,[1] but did not file their answer until August 16, 2001. Plaintiff argues that Defendants should have served and filed their answer within twenty days from the service of the amended complaint, in accordance with Federal Rule of Civil Procedure 12.[2]

Defendants acknowledge receiving service of Plaintiff's amended complaint, claiming they "executed and returned by mail the Acknowledgment of Receipt of Summons and Complaint on July 2, 2001, well within the thirty-day time period allowed to return such waivers." (Defs.' Mem. Opp. Pl.'s Mot. Default J. at 1.) Defendants assert that Federal Rule of Civil Procedure 4(d)(3) permitted them "to file their answer within sixty days after the date on which the request for waiver was sent." (Id. at 2.)

---

[1] Plaintiff filed an unsigned, original complaint on April 23, 2001. The docket entry indicates that no service forms were completed and no summonses were issued.

[2] Arguably, Defendants' answer was due within ten days of service of the amended complaint, as provided by Federal Rule of Civil Procedure 15(a). However, the Court has found the original complaint deficient and required Plaintiffs to file an "entirely new pleading," given that the original complaint was unsigned and was never served on Defendants. (Order of May 2, 2001.) Furthermore, the summons attached to the amended complaint gave twenty days as the amount of time in which to respond. Thus, the Court finds that Rule 12 appropriately governs the time frame in which Defendants had to answer.

Defendants' reliance on Rule 4(d)(3) is erroneous. The rule provides: "A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent." Fed. R. Civ. P. 4(d)(3). The rule is inapplicable to the present case for two reasons. First, the rule specifically contemplates that a plaintiff requests a waiver of service from the defendant. See id. & advisory committee's note (1993 amendment). Here, Plaintiffs did not ask Defendants to waive service. To the contrary, service was effected on Defendants. Moreover, the summons clearly stated that an answer was due "20 days after service of this summons upon you." (Doc. Nos. 14, 15, 16.) (Emphasis in originals.) Second, even if Defendants had been asked to waive service, they did not. Rather, each Defendant executed and returned the acknowledgment of service. Consequently, the waiver of service rule does not apply to this case, and Defendants should have filed their answer in accordance with the time limit set forth in Rule 12(a)(1)(A).

According to Rule 12(a)(1)(A), Defendants' answer was due by July 22, 2001. Nevertheless, even though Defendants violated Rule 12, entering default judgment would impose too great a penalty for untimely filing a pleading. A judgment by default is appropriate when a party has engaged in "willful violations of court rules, contumacious conduct, or intentional delays."

United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). However, a default judgment is not a favored disposition. See id. It is not appropriate when a party marginally fails to comply with time requirements. See id.; cf. Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (affirming judgment by default where a party completely failed to participate in discovery and appear at depositions and hearings); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (same). In the present case, there is no such overwhelming evidence of willful disobedience of court orders, contumacious conduct, or intentional delays. Defendants filed their answer twenty-five days late because they mistakenly believed they had sixty days to file their answer. The Court does not condone Defendants' conduct, but an entry of judgment by default is not warranted. The Court therefore recommends that Plaintiff Becker's motion for default judgment be denied.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Dwayne Becker's Motion for Default Judgment Against Defendants Rick Harry, Anita Schlank, Joanne

Fairfield, Debbie James, Richard O'Connor, and David Dipman (Doc. No. 17) be **DENIED**.

Dated: September 4, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by 9/17/01, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.